UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
JENNIFER SENICK,                                    Civil Docket No.

                        Plaintiff,          **COMPLAINT**

     v.

LANZI, BURKE AND ASSOCIATES, LLC,                   PLAINTIFF DEMANDS A
GUY LANZI, *individually*, NATHAN                   TRIAL BY JURY
SPENCER, individually, JONATHAN
BURKE, individually, AND BARBARA
DUNLEAVY, individually,

                        Defendants.
-------------------------------------------------------------X

Plaintiff, JENNIFER SENICK, as and for her Complaint against the above Defendants, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"), and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, retaliated against, and terminated by her employer solely due to her Pregnancy, Sex, and Disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this district based upon the fact that Defendants' operate a business within the Counties of Gloucester and Camden, in the State of New Jersey, within the District of New Jersey. Additionally, the events took place within the District of New Jersey.

4. On or about May 10, 2016, Plaintiff filed charges with the Equal Employment Opportunity Commission (herein after the "EEOC") against the Defendants as set forth herein.

5. On or about November 15, 2016, the EEOC issued Plaintiff her Right to Sue.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter

## PARTIES

7. Plaintiff JENNIFER SENICK (hereinafter also referred to as Plaintiff and "SENICK") is an individual female who is a citizen of Gloucester County in the State of New Jersey.

8. At all times material, Defendant LANZI, BURKE AND ASSOCIATES, LLC (herein "LANZI BURKE") was and still is a domestic limited liability company organized and existing by virtue of the Laws of the State of New Jersey.

9. At all times material, the doctors at Defendant LANZI BURKE, as stated on their own website, "treat the most complex of surgical cases involving the maxillofacial region. Highly trained and board certified, they also teach other surgeons the latest surgical techniques and treatment options."

10. At all times material, Defendant LANZI BURKE operates three separate locations at the following addresses: 15 East Haddonfield, NJ 08033 (herein the "Haddonfield Location"); 449 Hurffville-Crosskeys Road, Unit II, Sewell, NJ 08080 (herein the

"Washington Township Location"); 1630 Route 322, Suite A, Woolwich Township, NJ 08085 (herein the "Woolwich Township Location").

11. At all times material, Plaintiff was an employee of Defendant LANZI BURKE.

12. That at all times material, Defendant Guy Lanzi (herein after "LANZI") was and remains a joint and sole Proprietor of Defendant LANZI BURKE.

13. That at all times material, Defendant LANZI was employed by Defendant LANZI BURKE as a Doctor.

14. That at all times material, Defendant LANZI had supervisory authority over the Plaintiff.

15. That at all times material, Defendant Nathan Spencer (herein after "SPENCER") was and remains a joint and sole Proprietor of Defendant LANZI BURKE.

16. That at all times material, Defendant SPENCER was employed by Defendant LANZI BURKE as a Doctor.

17. That at all times material, Defendant SPENCER had supervisory authority over the Plaintiff.

18. That at all times material, Defendant Jonathan Burke (herein after "BURKE") was and remains a joint and sole Proprietor of Defendant LANZI BURKE.

19. That at all times material, Defendant BURKE was employed by Defendant LANZI BURKE as a Doctor.

20. That at all times material, Defendant BURKE had supervisory authority over the Plaintiff.

21. Defendants were the joint and solo employers of the Plaintiff.

22. Furthermore, Defendants LANZIE and SPENCER were owners of the business, were aware of the unlawful conduct by DEFENDANT BURKE, and took no appropriate steps to stop the unlawful conduct.

Case 1:16-cv-09007-JHR-AMD Document 30-9 Filed 12/22/16 Page 3 of 13 PageID: 263

23. That at all times material, Defendant Barbara Dunleavy (herein after "DUNLEAVY") was and remains a Practice Administrator at Defendant LANZI BURKE.

24. That at all times material, Defendant DUNLEAVY had supervisory authority over the Plaintiff.

## MATERIAL FACTS

25. In or around November, 2012, Plaintiff began working for Defendant LANZI BURKE as an "Receptionist."

26. On or around December 16, 2015, Plaintiff became aware that she was approximately three weeks pregnant and shortly thereafter notified several of Defendant LANZI BURKE's employees, including Defendant DUNLEAVY.

27. Upon finding out about Plaintiff's pregnancy, Defendant DUNLEAVY became noticeably upset, stating "You said you were not going to get pregnant again" and "you were done having kids" and "How did this happen?" Plaintiff was shocked by Defendant DUNLEAVY's response and attempted to reassure Defendant DUNLEAVY that Plaintiff's pregnancy would not impact her job performance.

28. Over the following week, Plaintiff informed each of Defendant LANZI BURKE's doctors about her pregnancy. Much to Plaintiff's surprise, Plaintiff's news was not met with excitement but rather dismay and questions, including "Well how do you feel about this?"

29. Immediately thereafter, Defendants began instituting a campaign to terminate Plaintiff because of her pregnancy.

30. Defendants and their employees became overly critical with Plaintiff, finding fault with her work performance ever chance they could.

31. In or around early January 2016, Defendant DUNLEAVY informed Plaintiff that she would be solely responsible for training Defendant LANZI BURKE's new receptionist. As a result of her morning sickness, Plaintiff asked Defendant DUNLEAVY if it would be possible for Plaintiff's coworkers, Sarah, to train the new employee that day.

32. In or around the end of January, 2016, Plaintiff reported to her co-worker, Jackie Hartzell, that since Plaintiff announced her pregnancy, Defendant BURKE and Defendant LANZI started treating Plaintiff differently and that she felt as though she was being harassed as a result of her pregnancy. Hartzell responded harshly that Plaintiff was "too sensitive" and that she "cannot wait until [Plaintiff has] that baby."

33. On or around February 18, 2016, Defendant SPENCER observed Plaintiff's twelve (12) week ultra sound on Plaintiff's desk. With a tone of disgust and disdain, Defendant SPENCER stated "You're baby's that big already?" and walked away.

34. At all times material, as a result of Defendants' comments and conduct, Plaintiff was suffering from increased anxiety and stress. Plaintiff feared this increased stress could be detrimental to her pregnancy.

35. On or around March 2, 2016, during her regularly monthly visit, Plaintiff's Doctor noticed Plaintiff was losing weight, had an alarmingly high blood pressure and required additional/regular observation, blood tests and medication.

36. On or around March 3, 2016, Plaintiff emailed Defendant DUNLEAVY requesting a reasonable accommodation in allowing Plaintiff flexibility to attend her future doctor appointments.

5

37. Plaintiff informed Defendant DUNLEAVY that Plaintiff's doctor had some concerns requiring additional testing over the following two weeks and increased regularity in follow up visits.

38. Additionally, Plaintiff asked Defendant DUNLEAVY to confirm whether Plaintiff has "PTO" (personal time off) available as Plaintiff expected a need for an accommodation to meet more frequently with her Doctors.

39. Later that day, as a result of announcing her pregnancy and in retaliation for requesting a reasonable accommodation, Defendant BURKE told Plaintiff they needed talk in Defendant DUNLEAVY's office. Defendant BURKE then proceeded to berate Plaintiff, screaming that she should have been fired for failing to provide proper notice of her doctor appointments. Defendant BURKE yelled at Plaintiff for approximately ten minutes, ending by stating this was Plaintiff's "last chance."

40. On or around March 4, 2016, despite intensive morning sickness, Plaintiff reported to work in fear that if she called in sick, she would be terminated.

41. At or around 11:30 A.M., Defendant BURKE called Plaintiff at the receptionist desk. Upon answering the phone, Defendant Burke began to again berate Plaintiff, stating "Do you not feel well?" and "What is wrong with you?" Without letting Plaintiff respond, Defendant demanded Plaintiff go home immediately.

42. On or around March 9, 2016, Defendant BURKE again demanded to speak with Plaintiff in his office. Defendant BURKE told Plaintiff that he received a complaint about Plaintiff but refused to provide any additional details. Defendant BURKE stated "we have only had complaints for you" and thereafter wrongfully terminated Plaintiff.

43. Defendants wrongfully terminated Plaintiff because of her pregnancy, because of Plaintiff's request for a reasonable accommodation and in retaliation for opposing Defendants' unlawful conduct.

44. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

45. Plaintiff suffers from regular panic attacks and nightmares relating to Defendants' conduct.

46. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

48. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages, jointly and severally, as against the Defendants.

49. Defendants have established a pattern and practice of not only discrimination but also retaliation.

50. The above are just some of the examples of unlawful and discriminatory conduct and retaliation to which Respondent subjected Claimant.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

53. Furthermore, section 701 of the Civil Rights Act of 1964 as amended states that "'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

54. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her pregnancy and sex.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has

8

made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendants)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

60. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

62. As such, Plaintiff has been damaged as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION

9

**UNDER NEW JERSEY STATE LAW**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , pregnancy, sex, disability . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65. The full statute reads as follows: **10:5-12. Unlawful employment practices, discrimination.**

    It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

    a.   For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, pregnancy, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms,

conditions or privileges of employment; provided, however, it shall not be an unlawful employment practice to refuse to accept for employment an applicant who has received a notice of induction or orders to report for active duty in the armed forces; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment any person on the basis of sex in those certain circumstances where sex is a bona fide occupational qualification, reasonably necessary to the normal operation of the particular business or enterprise; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment or to promote any person over 70 years of age; provided further that it shall not be an unlawful employment practice for a club exclusively social or fraternal to use club membership as a uniform qualification for employment, or for a religious association or organization to utilize religious affiliation as a uniform qualification in the employment of clergy, religious teachers or other employees engaged in the religious activities of the association or organization, or in following the tenets of its religion in establishing and utilizing criteria for employment of an employee; provided further, that it shall not be an unlawful employment practice to require the retirement of any employee who, for the two-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position, if that employee is entitled to an immediate non-forfeitable annual retirement benefit from a pension, profit sharing, savings or deferred retirement plan, or any combination of those plans, of the employer of that employee which equals in the aggregate at least $27,000.00; and provided further that an employer may restrict employment to citizens of the United States where such restriction is required by federal law or is otherwise necessary to protect the national interest.

66. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

67. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New Jersey's Law against Discrimination.

**AS A FIFTH CAUSE OF ACTION
FOR RETALIATION UNDER
<u>NEW JERSEY STATE LAW</u>**

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

70. Defendants violated this section as set forth herein.

**AS A SIXTH CAUSE OF ACTION
UNDER NEW JERSEY STATE LAW
<u>AIDING AND ABETTING</u>**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any

12

person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

73. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

74. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

75. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
December 22, 2016

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

By: _____
Caroline H. Miller, Esq.
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 391-4790